1   Paul J. Loh (State Bar No. 160541)
2   Eileen M. Ahern (State Bar No. 216822)
    Rebecca T. Green (State Bar No. 247690)
3   WILLENKEN WILSON LOH & DELGADO LLP
    707 Wilshire Boulevard, Suite 3850
4   Los Angeles, CA  90017
    Telephone:  (213) 955-9240
5   Facsimile:   (213) 955-9250

6

7   Attorneys for Defendant
    T-Mobile USA, Inc.

8

9               **UNITED STATES DISTRICT COURT**

10

11       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

                  CV12- 03804 JAK (FMOx)

12

13   ANTHONY ALLEN OLIVER,     |  USDC Case No. _____

14           Plaintiff,       |

15               |  (LASC Case No. VC060712)
      v.               |

16   T-MOBILE USA, INC.,       |  **NOTICE OF REMOVAL OF**
              |  **ACTION UNDER  28 U.S.C. § 1441**(b)

17           Defendant.   |  **(DIVERSITY);**

18

19

20

21

22

23

24

25

26

27

28

                              - 1 -
    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

125043.1

COPY

FILED
12 MAY -2 PM 1:49
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT, THE PLAINTIFF AND

2   TO ALL PARTIES THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441(b), defendant T-

4   Mobile USA, Inc. ("T-Mobile") removes to this Court the state court action described

5   below.

6        1.    On March 12, 2012, an action was commenced in the Superior Court of

7   the State of California for the County of Los Angeles, entitled *Anthony Allen Oliver v.*

8   *T-Mobile USA, Inc.*, Case No. VC 060712 (the "Action").  Pursuant to 28 U.S.C. §

9   1446(a),  true and correct copies of the Complaint, summons, and all process,

10   pleadings, and orders served upon T-Mobile in the Action are attached hereto as

11   Exhibit 1.

12        2.    The first date upon which T-Mobile received a copy of the Complaint in

13   the Action was on April 3, 2012, when T-Mobile was served with a copy of the

14   Complaint, summons, civil cover sheet and related materials.  This Notice of Removal

15   is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of

16   that date.

17        3.    This action is a civil action of which this Court has original jurisdiction

18   under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant

19   pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between

20   citizens of different states, and the matter in controversy exceeds the sum of

21   $75,000.00, exclusive of interest and costs, where Plaintiff alleges and prays for

22   general damages in the sum of $6,000,000.00.  (Complaint, Prayer.).

23        4.    Complete diversity of citizenship exists in that:

24            a.    Based upon Plaintiff's allegations in the Complaint, Plaintiff was,

25               at the time of the filing of this Action, and still is a citizen of

26               California.  (Complaint, ¶ 1.)

27

28

125043.1

b.   Notwithstanding Plaintiff's erroneous allegation to the contrary, Defendant T-Mobile was, at the time of the filing of this Action, and still is a dual citizen of Delaware and the state of Washington. T-Mobile was duly incorporated in Delaware and it had, at the time of the filing of this Action, and still has, its principal place of business in the state of Washington.

8.   T-Mobile hereby represents that it shall, promptly after this filing, serve this Notice of Removal on Plaintiff and it shall file a copy of the Notice of Removal with the Clerk of the Los Angeles County Superior Court of California.

Dated: May 2, 2012                          WILLENKEN WILSON LOH & DELGADO LLP


                                            By: _____
                                                 Paul J. Loh
                                                 Attorneys for Defendant
                                                 T-Mobile USA, Inc.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

125043.1

# EXHIBIT 1

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

NOTICE TO DEFENDANT: ~~T-MOBILE USA, INC~~
(AVISO AL DEMANDADO):

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 1 2 2012

JOHN A. CLARKE, CLERK

BY A. HERAS, DEPUTY

YOU ARE BEING SUED BY PLAINTIFF: Anthony Allen Oliver
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: NORWALK SUPERIOR COURT
(El nombre y dirección de la corte es): 12720 NORWALK Blvd
NORWALK, CALIFORNIA- 90650

CASE NUMBER:
(Número del Caso):
**VC060712**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Anthony Allen Oliver # 1189665
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
446 Alta Road - Suite S300
San Diego, California - 92158

DATE: MAR 1 2 2012   JOHN A. CLARKE   Clerk, by _____ Jrnn, Deputy
(Fecha)                                  (Secretario)                              (Adjunto)
                                          A. Heras

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify):

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT _____1_____

PAGE _____

Anthony Allen Oliver

#1189665

446 Alta Road - Ste 5300

San Diego, California - 92158

909.450.9470

Anthony Allen Oliver, In Pro Per

~~Received~~
~~Los Angeles Superior Court~~
~~FEB 16 2012~~

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 12 2012

JOHN A. CLARKE, CLERK

BY A. HERAS, DEPUTY

Received
Norwalk Superior Court
MAR 12 2012

SUMMONS ISSUED

7730AU

In The Superior Court of California

In For The County of Los Angeles

Anthony Allen Oliver,

    Plaintiff,

Vs.

T-Mobile USA, Inc

    Defendant.

Case No.     **VC060712**

Complaint For Damages

Assigned To:

Demand For Jury Trial

1. Plaintiff, Anthony Allen Oliver, Hereinafter, "Plaintiff" is a party to the above titled action, over the age of 18 years old, and a resident of the County of Los Angeles, and will be mentioned herein at all times.

FILED IN FORMA PAUPERIS (CRC 3.50 et seq.) PER
ORDER DATED:___MAR 12 2012___
AMOUNT RECOVERABLE PURSUANT TO
GC §68511.3 $_____395_____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT IF THE
PARTY BECOMES A JUDGMENT CREDITOR.

EXHIBIT ___1___ PAGE ___5___

1  DEFENDANT, T-MOBILE USA, INC, HEREINAFTER, "DEFENDANT"

2  OR "T-MOBILE" IS A CALIFORNIA CORPORATION PURSUANT TO

3  CALIFORNIA CODE OF CIVIL PROCEDURE, "C.C.P" 416.10 AND WILL

4  BE MENTIONED HEREIN AT ALL TIMES.

5

6     THE TRUE NAMES, IDENTITIES AND CAPACITIES, WHETHER

7  INDIVIDUAL, CORPORATE, ASSOCIATE, OR OTHERWISE OF THE

8  DEFENDANTS NAMED HEREIN AS DOES 1 THROUGH 1, INCLUSIVE

9  ARE UNKNOWN TO PLAINTIFF WHO THEREFORE SUES SAID

10 DEFENDANTS BY SAID FICTITIOUS NAMES PURSUANT TO C.C.P. 474.

11

12    THIS COURT IS THE PROPER COURT FOR TRIAL OF THIS

13 MATTER BECAUSE DEFENDANT CONDUCTS BUSINESS IN LOS

14 ANGELES COUNTY, STATE OF CALIFORNIA.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____1_____ PAGE 6

1   On April 19, 2011, "Plaintiff" Filed a Civil Action Against
2   "Defendant" in the Los Angeles County Superior Court, Pomona
3   Division, Case # K061045. Shortly Thereafter, The Case Was
4   Assigned To The Honorable Robert A. Dukes. Due To The
5   Gross, Reckless And Dispicable Conduct Of The "Defendant",
6   The Case Arose Out Of None Other Than A Collections
7   Debt For A Past Due Cell Phone Bill. "Defendant" Promised
8   To Remove The Debt And Than Later Refused, And Causing
9   "Plaintiff" A Major Economic Loss. Fourteen Months Later, The
10  "Defendant" Removes The Instant Action To The United States
11  District Court And Than Settles The Matter Out Of Court
12  With The "Plaintiff".

13

14  Due To The Facts That "Plaintiff" Is And Was Not An
15  Attorney At Law, Not A Member Of The State Bar,
16  Federal, American Or County Bar's, "Plaintiff" Exercised
17  His Right To Prosecute The Case In "Pro Per". At The Time
18  "Plaintiff" Files The Case, "Plaintiff" Had Never Prosecuted
19  A Case Before. And Therefore Was Not Familiar With The
20  Local Rules Of The Court Or The California Code Of Civil
21  Procedures, And Thus, Had No Knowledge How To Properly
22  Serve A Defendant Or Corporation.

23

24  On April 24, 2011 "Plaintiff" And His Brother "Joe" Were
25  Having Lunch In Lakewood, California, Who In Turn "Joe"
26  Was Going To Serve Defendant By Going To The Nearest
27  "T-Mobile" Store And Serve "Defendant" By Leaving Copies Of

28

EXHIBIT ___I___ PAGE ___7___

1   ALL PAPERS, PLEADINGS AND MOTIONS WITH THE STORE MANAGER.
2   SHORTLY AFTER, "PLAINTIFF" FOUND A "T-MOBILE STORE LOCATED
3   IN THE LAKEWOOD MALL AND "PLAINTIFF" AND "JOE" HEADED
4   TO THE STORE. PLAINTIFF AND "JOE" WALKED IN AND ASKED FOR
5   THE STORE MANAGER AND AFTER WAITING 20 MINUTES, OUT
6   WALKED A BLACK MALE WHO IDENTIFIED HIMSELF AS "WILLIAM."
7   "JOE" ADVISED "WILLIAM" THAT DEFENDANT WAS SERVED AND TOLD
8   "WILLIAM" THAT HE NEEDED TO ACCEPT THE DOCUMENTS, IN WHICH
9   "WILLIAM" DID. "JOE" THAN EXITED THE STORE AND LEFT THE LOCATION
10  WHILE "PLAINTIFF" STAYED BEHIND TO ANSWER QUESTIONS. "WILLIAM"
11  ADVISED "PLAINTIFF" THAT WILLIAM COULD NOT ACCEPT THE
12  PLEADINGS BY SAYING, "NAH NIGGA, TAKE THIS BOUUL SHIT
13  SOMEWHERE ELSE." "WILLIAM" THAN TRIED TO GET "PLAINTIFF"
14  TO TAKE THE DOCUMENTS BACK, BUT "PLAINTIFF" FAILED TO DO SO
15  AND WALKED OUT.

16

17  AS "PLAINTIFF" STARTED TO WALK OUT, "WILLIAM" FOLLOWED
18  "PLAINTIFF" OUT THE DOOR AND THAN ASKED PLAINTIFF IF HE WAS
19  GAY DUE TO SHIRT PLAINTIFF WAS WEARING AND PLAINTIFF
20  REPLIES; "WHY YES I AM". "WILLIAM" THAN ASKED PLAINTIFF IF
21  "PLAINTIFF" IF "JOE" WAS "PLAINTIFFS" "FAGGOT, QUEEN BOYFRIEND".
22  "PLAINTIFF" REPLIES "NO". WHILE PLAINTIFF AND WILLIAM WERE
23  STANDING OUT FRONT OF THE "T-MOBILE STORE, WILLIAM ADVISED
24  PLAINTIFF THAT HE AND "T-MOBILE DO NOT ALLOW OR WANT
25  GAY PEOPLE IN THE T-MOBILE STORE. WITH TONS OF CUSTOMERS
26  LOOKING ON, PLAINTIFF WAS GREATLY EMBARRASSED. AND STARTED
27  TO WALK AWAY.

28

EXHIBIT _____ PAGE 8

1    AFTER "PLAINTIFF" STARTED TO WALK AWAY, "WILLIAM" FOLLOWED

2    "PLAINTIFF" THROUGH THE MALL SHOUTING AND YELLING MORE

3    COMMENTS ABOUT PLAINTIFF BEING GAY AND THAN GRABBED

4    "PLAINTIFF" NUMEROUS TIMES BY GRABBING PLAINTIFFS HANDS

5    AND ARMS IN AN ATTEMPT TO GET PLAINTIFF TO TAKE BACK

6    THE DOCUMENTS BUT PLAINTIFF RESISTED. ON NUMEROUS TIMES,

7    "WILLIAM" WOULD NOT ALLOW PLAINTIFF TO LEAVE THE MALL.

8

9    AS PLAINTIFF WAS WALKING TOWARDS THE EXIT DOOR TO

10    THE MALL, "WILLIAM" WAS STILL FOLLOWING PLAINTIFF AGAIN. AT A

11    MOMENTS NOTICE, WILLIAM SPOTTED TWO LOS ANGELES COUNTY

12    SHERIFFS DEPUTIES AND APPROACHED THEM AND STATED, "HELP,

13    HELP ME, I NEED HELP". BOTH DEPUTIES ASKED WILLIAM WHAT

14    THE PROBLEM WAS AND WILLIAM TOLD THE DEPUTIES THAT HE

15    "JUST GOT SERVED WITH LEGAL DOCUMENTS AND THAT "PLAINTIFF"

16    WAS TRESPASSING IN THE T-MOBILE STORE AND IN AN

17    ELABORATE ATTEMPT TO BETTER HIS EMPLOYER, TOLD THE

18    DEPUTIES THAT T-MOBILE HAS A RESTRAINING ORDER AGAINST

19    PLAINTIFF AND THAT WILLIAM WANTED PLAINTIFF ARRESTED.

20

21    AFTER PLAINTIFF WAS WALKING AWAY, THE DEPUTIES WENT

21    AND STOPPED, SEARCHED AND QUESTIONED PLAINTIFF FOR 30

23    MINUTES DUE TO THE MISREPRESENTATIONS THAT WILLIAM

24    MADE TO THE DEPUTIES. IT WAS LATER DETERMINED BY BOTH

25    DEPUTIES THAT THERE WAS NO RESTRAINING ORDER AND THUS

26    ALLOWED PLAINTIFF TO LEAVE THE MALL.

27

28

EXHIBIT _____ 1 _____ PAGE 9

1    As Plaintiff was walking through the Robinson's May

2    to get to the outside parking lot, it was none other

3    than William following plaintiff again. William again tried

4    to keep plaintiff from leaving and when plaintiff finally

5    made his way to the outside parking lot, William stated,

6    "Where your car at nigga, I'll put deez in yoo car

7    white bitch."

8

9       At this point, plaintiff pulled out his camera phone

10   and began filming "William" and also took digital pictures

11   of "William" when all of a sudden William, with his right

12   hand "swatted" the phone out of plaintiffs hands with the

13   phone falling and hitting the concrete damageing the phone.

14   Plaintiff than picked up the phone and began to call 911.

15

16      Now with "plaintiff" physically being assualted and

17   with proof in hand, plaintiff decided to call police but

18   could no longer attempt to do so because of the

19   damage to the phone. William than spotted two mall

20   security guards on electric scooters, flagged them down

21   and told them; "Dis guy assualted me, cuff him, hes

22   under arrest." With both security guards approaching

23   plaintiff with batons out, plaintiff than ran as fast as

24   possible to the grocery store parking lot accross the

25   street and used the pay phone to call 911. plaintiff was

26   informed by sheriff dispatch than it would be about 2

27   hours before deputies could respond due to a priority

28

EXHIBIT ____1____ PAGE 10

1  CALL ON THE OTHER SIDE OF THE CITY. IN LIEU OF MAKING A

2  POLICE REPORT RIGHT AWAY, PLAINTIFF LEFT THE CITY AND

3  WENT TO A NEARBY HOSPITAL WHERE PLAINTIFF WAS TREATED

4  FOR CUTS AND BRUISES AND WAS FORCED TO SPEND COUNTLESS

5  HOURS AT THE HOSPITAL DUE TO THE INJURIES PLAINTIFF

6  SUFFERED BY WILLIAM.

7

8      SHORTLY AFTER LEAVING THE HOSPITAL, PLAINTIFF TELEPHONED

9  WILLIAM AT THE T-MOBILE STORE PRETENDING TO BE AN

10  ATTORNEY WITH "THE OFFICE OF THE PRESIDENT" AND ADVISED

11  WILLIAM THAT THE CALL WAS BEING RECORDED FOR INVESTIGATION

12  PURPOSES AND WILLIAM SAID IT WOULD BE OK AND ADMITTED

13  TO THE INCIDENT AND WILLIAM ADMITTED HE DID NOT WANT

14  HIS EMPLOYER GETTING SUED "EVEN IF IT MEANT HIM (WILLIAM)

15  BEING ARRESTED".

16

17      PLAINTIFF THAN TERMINATED ALL CALLS WITH "WILLIAM"

18  AND "PLAINTIFF" THAN REPORTED "WILLIAM" TO "DEFENDANT", WHO

19  IN TURN TOOK NO ACTION AGAINST "WILLIAM".

20

21      DUE TO THE DEFENDANTS GROSS, RECKLESS AND DISREPUTABLE

22  CONDUCT, PLAINTIFF HAS SUFFERED EXTREME NIGHTMARES,

23  RESULTING TO SUBSTANCE ABUSE, EMOTIONAL DISTRESS, INCURRED

24  MEDICAL BILLS AND STUCK WITH THE COST OF REPLACING THE

25  CELL PHONE THAT BELONGED TO "PLAINTIFF", WHO WAS USING

26  THE CELL PHONE TO RUN A SMALL BUSINESS OFF OF RESULTING

27  IN PLAINTIFF LOSING FUTURE EMPLOYMENT FOR 3 WEEKS.

28

EXHIBIT _____1_____  PAGE 11

1    PLAINTIFF REPEATS AND RE-ALLEGES AND INCORPORATES BY

2    THE REFERENCE THE ALLEGATIONS IN ALL SAID PARAGRAPHS WITH

3    THE SAME FORCE AND EFFECT AS IF HEREIN SET FORTH:

4

5    CAUSE OF ACTION - ONE

6    INTENTIONAL TORT

7    (AGAINST "WILLIAM" AS JOHN DOE I)

8

9    CAUSE OF ACTION - TWO

10   DEFAMATION OF CHARACTER

11   (AGAINST "WILLIAM" AS JOHN DOE I)

12

13   CAUSE OF ACTION - THREE

14   CA. BUS. PROFESSIONAL CODE 17200

15   (AGAINST DEFENDANT T-MOBILE USA, INC)

16

17   CAUSE OF ACTION - FOUR

18   NEGLIGENT MISREPRESENTATION

19   (AGAINST ALL SAID DEFENDANTS)

20

21   CAUSE OF ACTION - FIVE

22   CIVIL CONSPIRACY

23   (AGAINST ALL SAID DEFENDANTS)

24

25   CAUSE OF ACTION - SIX

26   RESPONDEAT SUPERIOR

27   (AGAINST T-MOBILE USA, INC)

28

EXHIBIT_____1_____PAGE 12

1  CAUSE OF ACTION - SEVEN

2  GENERAL NEGLIGENCE

3  (AGAINST ALL SAID DEFENDANTS)

4

5  CAUSE OF ACTION - EIGHT

6  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7  (AGAINST ALL SAID DEFENDANTS)

8

9  CAUSE OF ACTION - NINE

10  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

11  (AGAINST ALL SAID DEFENDANTS)

12

13  CAUSE OF ACTION - TEN

14  SEXUAL DISCRIMINATION

15  (AGAINST "WILLIAM" AS JOHN DOE 1)

16

17  CAUSE OF ACTION - ELEVEN

18  FALSE IMPRISONMENT

19  (AGAINST "WILLIAM" AS JOHN DOE 1)

20

21  CAUSE OF ACTION - TWELVE

22  ASSAULT AND BATTERY

23  (AGAINST "WILLIAM" AS JOHN DOE 1)

24

25  CAUSE OF ACTION - THIRTEEN

26  INTENTIONAL BODILY INJURY

27  (AGAINST ALL SAID DEFENDANTS)

28

EXHIBIT ___1___ PAGE 13

1   CAUSE OF ACTION - FOURTEEN

2   CONSPIRACY TO OBSTRUCT JUSTICE

3   (AGAINST ALL SAID DEFENDANTS)

4

5   CAUSE OF ACTION - FIFTEEN

6   OBSTRUCTION OF JUSTICE

7   (AGAINST ALL SAID DEFENDANTS)

8

9   CAUSE OF ACTION - SIXTEEN

10   AIDING AND ABETTING

11   (AGAINST T-MOBILE USA, INC)

12

13   CAUSE OF ACTION - SEVENTEEN

14   CALIFORNIA CODE OF CIVIL PROCEDURE 52.1

15   (AGAINST ALL SAID DEFENDANTS)

16

17   CAUSE OF ACTION - EIGHTEEN

18   CALIFORNIA'S UNRUH ACT

19   (AGAINST T-MOBILE USA, INC)

20

21   CAUSE OF ACTION - NINETEEN

22   CONCEALMENT

23   (AGAINST T-MOBILE USA, INC)

24

25

26

27

28

EXHIBIT _____ PAGE 14

Jury Demand:

Plaintiff Demands That a Jury Try This Matter.

Prayer:

Wherefore, plaintiff prays for Relief As Follows:

1. Special Damages in An Amount To Be Ascertained By Proof;

2. General Damages in The Sum of $ 6,000,000.00

3. For Statutory Penalities;

4. For Punitive Damages According To Proof;

5. For Costs of Suit Incurred Herein And;

6. For Such Other And Further Relief As This Court May Deem Just And Proper.

Respectfully Submitted,

Dated: Febuary December 25, 2011.    By: _____

EXHIBIT    1    PAGE 15

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:   12720 Norwalk Blvd., Norwalk, CA 90650

PLAINTIFF:   Anthony Allen Oliver

DEFENDANT:   T-Mobile USA Inc

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**ORIGINAL FILED**
MAR 13 2012
**NORWALK SUPERIOR COURT**

CASE NUMBER: **VC060712**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: JUL 16 2012    Time: 1:30 p.m.    Dept.: F

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: MAR 13 2012

_____
Judge Yvonne Sanchez
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☒ by depositing in the United States mail at the courthouse in _____Norwalk_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Anthony Allen Oliver
# 1189665
446 Alta Rd. Ste 5300
San Diego CA 92158

Dated: MAR 13 2012

JOHN A. CLARKE, Executive/Officer Clerk

By _____  A. Heras
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

EXHIBIT _____1_____ PAGE 16



# The Superior Court
12720 NORWALK BOULEVARD
NORWALK, CALIFORNIA 90650
CHAMBERS OF
YVONNE T. SANCHEZ
SUPERVISING JUDGE

TELEPHONE
(562) 807-7241

## TO ATTORNEY OF RECORD

Your case has been assigned to the Master Calendar Trial Delay Reduction Program in Superior Court of California, County of Los Angeles, Southeast District. It is your responsibility as an attorney to immediately familiarize yourself with the detailed provisions of the California Rules of Court re: Civil Case Management Rules as amended August 14, 2009, and Chapter Seven of the Los Angeles County Superior Court Rules. A reading of this notice does not relieve you of the responsibility to become intimately familiar with the requirements of these rules. The following critical provisions are summarized for your assistance in avoiding rule violations, and the imposition of sanctions.

## APPLICATION

The California Rules of Court re: Civil Case Management and Chapter Seven of the Los Angeles County Superior Court Rules apply to all civil cases filed in or transferred into the Southeast District after July 1, 2002.

## TIME STANDARDS AND SERVICE OF ADR PACKAGE

Please refer to the NOTICE TO LITIGANTS which is attached for your convenience for information regarding changes to the California Rules of Court as amended August 14, 2009.

## CASE MANAGEMENT CONFERENCE

Notice of the Initial Case Management conference shall be served by the Clerk on the plaintiff upon the filing of the complaint. The Case Management Conference shall be held on the first available court day following 150 days after the complaint is filed. Plaintiff shall service Notice of Case Management Conference with the Summons and Complaint or, if already served, within 10 days of service of this notice or, if not a served party, when the party appears in the action. Failure of the plaintiff to give complete and immediate notice which causes delay or continuance will result in sanctions.

No later than 15 calendar days before the date set for the Case Management Conference, each party (individually or jointly) must file a Case Management Conference Statement using the mandatory Judicial Council form No. CM-110. Failure to comply with said rules may result in the imposition of sanctions.



EXHIBIT_____ 1  PAGE 17

- 2 -

.....continued

## FINAL STATUS CONFERENCE

The Final Status Conference shall be set **ten days prior to the trial date.** All attorneys and parties in propria persona must appear at the Conference. Trial documents, as described in the Case Management Order are to be filed 5 days prior to the Final Status Conference.

## SANCTIONS

The Court will impose appropriate sanctions for the failure or refusal: (1) To comply with Master Calendar Rules; (2) To comply with any Order made hereunder; or (3) To meet the time standards and/or deadlines established herein. Such sanctions may include: (1) Dismissal of the Action; (2) Striking of a responsive pleading and entry of default; (3) Vacating a trial date with the possible consequence of dismissal under Code of Civil Procedures Sections 583.360 or 583.420; (4) Evidentiary and witness limitations, restrictions or exclusions; (5) Reasonable monetary sanctions; and/or (6) Other reasonable sanctions as authorized by Code of Civil Procedure Sections 128, 128.5, 177.5, 575.2, 583.150, 583.430, 2016-2036; Government Code Section 68609(d) and California Rules of Court 227. Such sanctions may be imposed on a party and/or if appropriate, on counsel for such party.

Hon. Yvonne T. Sanchez
Supervising Judge
Southeast District

EXHIBIT ___1___ PAGE _18_

# NOTICE TO LITIGANTS
# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

INFORMATION REGARDING CALIFORNIA RULES OF COURT

This brief synopsis is provided to inform litigants, attorneys, and the general public of California Rules of Court which affect the processing and filing of limited and unlimited civil cases (with the exception of Unlawful Detainers, Small Claim actions, complex civil cases, probate, guardianship, conservatorship, family law, juvenile court proceedings, and short cause cases).

The full extent of these changes can be found in the California Rules of Court booklet.

RULE 3.110  (Re Time for Service of Complaint, Cross-Complaint and Response)
Complaints are to be served and proofs of service filed with the court within 60 days after filing of the complaint.

On amended complaints, the added defendant must be served and proof of service must be filed within 30 days after filing of the complaint.

A Cross-Complaint against a party who has already appeared in the action, must be accompanied by proof of service of the cross-complaint at the time it is filed.

The plaintiff within 10 days after the time for response has elapsed must file a Request for Entry of Default and must obtain a default judgment within 45 days after entry of default.

RULE 3.220  (Re Case Cover Sheet)
Required in each civil limited or unlimited action.

RULE 3.221  (Re Information about Alternative Dispute Resolution)
Plaintiffs will be provided an Alternative Dispute Resolution (ADR) package at time of filing the complaint and must serve a copy of said package on each defendant.

RULE 3.722  (Re Case Management Conference; Rule 3.724 (Meet and Confer Requirement; and Rule 3.728  Case Management Order)
A Case Management Review/Conference must be completed no later than 180 days from filing of the complaint. The Los Angeles Superior Court will set said review/conference date 140 to 160 days from filing of the complaint. Individual courts may set additional earlier status conferences.

Notice of the Case Management Review/Conference will be given to all parties no later than 45 days before the review/conference date. If the court determines that appearances are not necessary at the Case Management Review/ Conference, the court may issue a Case Management Order and notify the parties that no appearance is necessary. No later than 15 calendar days before the date set for the Case Management Review/Conference, each party (individually or jointly) must file a Case Management Conference Statement using the mandatory Judicial Council Form No.CM-110.

EXHIBIT____1____ PAGE 19

Parties must meet and confer to consider case issues no later than 30 calendar days before the date set for the Case Management Review/Conference. The court will issue a Case Management Order setting a schedule for subsequent proceedings, if necessary.

A.   **Service:**  Except as otherwise permitted by court order, within 60 days after filing the complaint, the plaintiff must 1) serve each defendant with the complaint, and the **Alternative Dispute Resolution Packet**; and 2) file a corresponding proof of service. When filing a cross-complaint or amended pleading, the pleading party must also file a proof of service on all of the parties who previously appeared and, within 30 days, a) serve each new party with the pleading, and the **ADR packet**, and b) file a corresponding proof of service.

B.   **Rules and Forms:**  All parties must abide by the state and local rules of court and use proper state and local forms.

C.   **All Case Management Conferences (CMC):** Parties must meet and confer, in person or by telephone, no later than 30 calendar days before the CMC. Parties must file a completed Case Management Statement either individually or jointly, no later than 15 calendar days before the CMC. Counsel for each party and each self-represented party must appear at the CMC.

D.   **ADR:** You may contact the ADR Office for a list of ADR providers, their qualifications and services.

E.   **Sanctions:** Parties and counsel who fail to comply with state or local rules of court will be subject to the imposition of sanctions. [CRC Rule 2.30]

<u>Sample Civil Case Time Schedule</u>

| Day | Event | Comment |
| --- | --- | --- |
| 1 | Complaint filed with Case Cover Sheet | Notice of Case Assignment issued by clerk and ADR materials provided. |
| 60 | Proof(s) of service filed with the court | Plaintiff must file the proof(s) of service or OSC may be set. |
| 70 | Plaintiff request entry of default of defendant. | Entry of default processed. |
| 110 | Parties to meet and confer. | Issues resolved. |
| 115 | Plaintiff Request Default Judgment | Default Judgment entered. |
| 125 | Deadline to File Case Management | Parties to file individually or jointly. |
| 140 | Case Management Review or Conference. | Hearing held, if necessary; orders made. |

EXHIBIT_____1_____ PAGE 20

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

EXHIBIT ___1___ PAGE 21

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

EXHIBIT _____ 1 _____ PAGE 22

# *** ATTENTION ***

## TO ALL COUNSEL AND INTERESTED PARTIES

## COMMENCING JUNE 28, 2010
## TENTATIVE ORDERS WILL BE POSTED ON-LINE AT THE
## L.A. SUPERIOR COURT WEBSITE

### WWW.LASUPERIORCOURT.ORG

### DEPARTMENT SE-C LAW & MOTION
### PROCEDURES ARE NOW AS FOLLOWS:

APPEARANCES:
The Court will hear oral arguments on all matters at 8:30 a.m. If all counsel intend to submit on the Tentative Order and do not want oral argument, please advise the clerk, in Department "C", by calling (562-807-7245). If all sides submit on the Tentative Order and the clerk is so advised, the Tentative Order will become the final order of the court and the prevailing party shall give written Notice of Ruling per CRC 3.1312.

If the Moving and Responding parties do not agree to submit on the Tentative Order, the motion will be called as calendared for hearing. There is no need to contact Department "C", as the matter will remain on calendar for hearing.

If the Moving party does not call Department "C" to submit on the Tentative Order and there is no appearance by any party, then the motion(s), at the Court's discretion, may be taken off calendar without ruling on the motion(s).

ORDERS:
The minute order reflecting the Court's Order will constitute the final Order. No additional orders should be submitted to the Court for signature unless required by law or by the Court. Prevailing party shall give written Notice of Ruling per CRC 3.1312.

Minute orders, which constitute the final Order of the Court, will only be sent to the parties, via U.S. mail or facsimile, for the following: OSC re: sanctions, OSC re: contempt or matters taken under submission after oral arguments or briefing. Counsel or parties may request copies of all other minute orders/final orders either at the clerk's office or in writing. If a request is in writing, a self-addressed stamped envelope and the appropriate fee for copies shall be submitted.

EXHIBIT ___1___ PAGE 23

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Anthony Allen Oliver v. T-Mobile USA, Inc | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL __4__ ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☒ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT _____ 1 _____ PAGE 24

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Anthony Allen Oliver v. T-Mobile USA, Inc | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151.  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT ___1___ PAGE 25

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **NOTICE OF REMOVAL OF ACTION UNDER 28 § U.S.C. 1441(b) (DIVERSITY)** on each of the interested parties in this action.

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

Anthony Allen Oliver          *In Pro Per*
P.O. Box 4496
Diamond Bar, CA  91765

☒    **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **(VIA OVERNIGHT DELIVERY)** I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐    **(VIA ELECTRONIC SERVICE – CRC 2060(c))** The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(*FEDERAL*)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 2, 2012**, at Los Angeles, California.

LILY TOM
(Type or Print Name)                              Signature

125350.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV12- 3804 JAK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ANTHONY ALLEN OLIVER | T-MOBILE USA, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anthony Allen Oliver<br>#11189665<br>446 Alta Road, Suite 5300, San Diego, CA 92158   Tel: (909) 450-9470 | Paul J. Loh (SBN 160541); Eileen M. Ahern (216822);<br>Rebecca T. Green (SBN 247690)<br>WILLENKEN WILSON LOH & DELGADO LLP<br>707 Wilshire Blvd., Suite 3850, Los Angeles, CA 90017   Tel: (213) 955-9240 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 6,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Intentional tort, defamation of character, Cal. Bus. & Prof. Code Sec. 17200, negligent misrepresentation, civil conspiracy, assault, respondeat superior, et. al.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☑ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12 03804

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑Yes
If yes, list case number(s): 2:11 CV 05518  ODW(MRWx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington State; Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____  Date  May 2, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

| 1 | **PROOF OF SERVICE** |

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **CIVIL COVER SHEET** on each of the interested parties in this action.

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

Anthony Allen Oliver                    *In Pro Per*
P.O. Box 4496
Diamond Bar, CA  91765

☒    **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **(VIA OVERNIGHT DELIVERY)** I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐    **(VIA ELECTRONIC SERVICE – CRC 2060(c))** The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(*FEDERAL*)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 2, 2012**, at Los Angeles, California.

LILY TOM
(Type or Print Name)                    Signature